IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 DEC 18 A 11: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROBERT C. KELLER AND ) <br> FRANK RUSSO, individually and as ) <br> representative of all other persons similarly ) <br> situated, ) <br> ) **COMPLAINT** <br> ) **DEMAND FOR JURY TRIAL** <br> Plaintiffs, ) <br> ) <br> v. ) Case No. 3:07CV1098 <br> ) <br> MACON COUNTY GREYHOUND ) <br> PARK, INC, d/b/a VictoryLand, ) <br> ) <br> Defendant. ) | |

## COMPLAINT

Come now, Robert C. Keller and Frank Russo, Plaintiffs in the above styled cause in their capacities as individuals and also as representatives of all other the persons similarly situated, and hereby show unto the Court as follows:

### I. INTRODUCTION

1.   This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Plaintiffs Robert C. Keller and Frank Russo ("Plaintiffs"), individually and on behalf of all other persons similarly situated, bring this action against the named Defendant based on Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit Transactions Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Section 1681c(g) provides in pertinent part that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at

the point of the sale or transaction." Despite having had several years to bring itself into compliance with the law, Defendant has willfully violated Section 1681c(g) repeatedly by printing either more than the last four digits of the credit card or debit card number or the expiration date of the card (herein singularly and/or collectively referred to as "Protected Information") on credit card or debit card receipts provided to consumers at the point of sale. Based on these violations, Defendant is liable to Plaintiffs and the proposed class of other similarly situated consumers under 15 U.S.C. § 1681n.

## II. THE JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391 (b) because Defendant conducts business in this district and has violated law here in the manner alleged herein, and because there is personal jurisdiction in this district over the Defendant.

## III. PARTIES

3.      Plaintiffs are residents of the State of Alabama and the County of Jefferson, and are "consumers" as defined by §1681a(c) of the FCRA. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs seek to represent a nationwide class of consumers, likewise defined by §1681a(c).

4.      Defendant Macon County Greyhound Park, Inc. d/b/a VictoryLand, operates a Greyhound Dog racing and thoroughbred simulcast racing facility within the Middle District of Alabama. The Defendant is a "person that accepts credit cards or debit cards for the transaction of business" under the FCRA, and pursuant to the definition of "person" as set forth therein.

## V. ALLEGATIONS AS TO THE NAMED PLAINTIFFS

8. On or about November 9, 2007, as well as at other times, Defendant printed the expiration dates and credit card numbers of Plaintiffs' credit cards on a receipt provided to Plaintiffs at the point of a sale or transaction between Plaintiffs and Defendant and thus Defendant violated 15 U.S.C. §1681c(g).

9. Defendant's violations as alleged herein, were not accidents or isolated oversights. Rather, Defendant willingly continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendant knew that is receipt-printing practice contravened the rights of consumers under the FCRA, or at a minimum, recklessly disregarded whether its practice contravened consumers' rights, and as a conspiracy, ignored the law, thereby placing Plaintiffs and similarly situated customers at greater risk of identity theft.

## VI. CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action on behalf of themselves and a class of persons similarly situated (sometimes referred to herein as "Class Members"). This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure, Rules 23(a), 23(b)(1),23(b)(2) and 23(b)(3).

11. Since January 1, 2005, and within the applicable statute of limitations period, Defendant printed the expiration dates and/or printed more than the last five digits of Class Members' credit cards or debit card numbers on the receipts provided to the Class Members at the points of a sales or transactions between Defendant and the Class

Members. To the extent Defendant did so using Cash Registers that were first put in use on or before January 1, 2005, Defendant violated 15 U.S.C. §1681c(g).

12. On or after December 4, 2006, Defendant printed the expiration date and/or printed more than the last five digits of Class Members' credit cards or debit card numbers on the receipts provided to the Class Members at the points of sales or transactions between Defendant and the Class Members. Each and every receipt violated 15 U.S.C. §1681(c)(g), irrespective of when the Cash Register was put into use.

13. Defendant's violations were not the products of accidents or isolated oversights. Rather, Defendant knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendant knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

14. CLASS DEFINITION: Plaintiffs seeks to represent a class of customers of the Defendants (the "Class"), as follows:

> All individuals in the United State of America who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendant on which Defendant printed more than the last five digits of the person's credit card or debit card number, or on which Defendant printed the expiration date of the person's credit or debit card.

15. The members of the proposed Class (the "Class Members") can be ascertained from Defendant's records or from information readily accessible to

5

Defendant. Notice can be sent to the Class Members by mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

16. This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

(a) Numerosity: The class members are so numerous that joinder of all of them is extremely impracticable. Plaintiffs reasonably believe and thereby allege that the size of the class exceeds 2,000 persons.

(b) Commonality: Common questions of law and fact are shared by the class members. Such common questions include, but are not limited to, the following:

1) Whether Defendant printed Protected Information on credit card or debit card receipts in violation of FACTA;

2) Whether Defendant's conduct constituted willful noncompliance with FACTA; and

3) Whether Class Members are entitled to recover statutory damages, punitive damages and/or attorney's fees.

(c) Typically: Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the other class members were subjected to the same kind of unlawful conduct and the claims of Plaintiffs and the other class members are based on the same legal theories.

(d) Adequacy of Representation: Plaintiffs, individually and through counsel, will fairly and adequately protect the interests of the class, and Plaintiffs has no interest adverse to the interests of the class. Plaintiffs' attorneys are experienced class

action attorneys, who will fully and adequately represent and protect the class, and are ready, willing and able to do so.

17. This case is brought and may be maintained as a class action under Rule 23(b) (1), 23(b) (2) and/or Rule 23(b) (3) of the Federal Rules of Civil Procedure.

(a) Risk of Inconsistent Judgments: The unlawful practices of Defendant alleged herein constitute a course of conduct common to class members. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or substantially impair or impeded the ability of the individual class members to protect their interests.

(b) Injunctive Relief: The unlawful practices of Defendant are applicable to the class thereby making injunctive relief or corresponding declaratory relief with respect to the class as a whole appropriate.

(c) Predominant Questions of Law or Fact: Questions of law or fact common to class members, including those identified above, predominate over questions affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it extremely difficult or impossible for individual class members to seek and obtain relief.

On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them, by deterring further unlawful conduct, and by aiding in the prevention of identity theft. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

## COUNT ONE

18. Plaintiffs incorporate the paragraphs numbered 1 through 17 above by reference, and further state:

19. During the relevant time period, as alleged above, Defendant repeatedly and systematically printed statutorily protected and prohibited information, i.e. (the expiration date of consumer's credit card or debit card) and/or (more than the last five digits or a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. §1681c(g).

20. On information and believe, Plaintiffs alleges that Defendant's conduct was pursuant to Defendant's policies, routine practices, procedures and customs for electronically printing receipts, at least with respect to the certain Cash Registers which blatantly failed to comply with the law. Defendant knew or recklessly disregarded that its use of Cash Registers that did not comply with the law, and that its printing of Protected Information on customers' receipts, was in contravention of Plaintiffs' and Class Members' rights. As such Defendant's violations of FCRA, as alleged by Plaintiffs on behalf of herself and Class Members, were willful under the FCRA.

21. As a result of Defendant's willful violation of §1681c(g), Plaintiffs and each of the Class Members are entitled to monetary relief under 15 U.S.C. 1681n of not less than $100 and not more than $1,000 for each violation by Defendant.

22. Plaintiffs and Class Members also were exposed to at least an increased risk of identity theft by reason of Defendant's conduct. Notwithstanding such exposure, Plaintiffs make no claim for actual damage in this case, either for themselves or the Class Members. Any Class Members who suffered substantial actual damages due to identity theft or other damages resulting from the violations alleged above will be entitled to opt out of this action, should they so desire and prove their claims in a separate action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that the Court grant the following relief against Defendants, as follows:

a) Certify this matter as a class action with the class being defined as:

   All individuals in the United States of America who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the expiration date of the person's credit or debit card.

b) That Plaintiffs be designated as the Class Representative and the Plaintiffs' attorneys of record be designated as Class Counsel;

c) That Defendants from henceforth be enjoined from printing more than the last five digits of the person's credit card or debit card number or printing the expiration date of the person's credit or debit card on receipts it provides at the point of a sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. §1681c(g).

d) That the Plaintiffs and each Class Member be awarded the statutory damages provided hereunder 15 U.S.C. §1681 for each willful violation as alleged hereunder;

e) That punitive damages be awarded as allowed under 15 U.S.C. §1681n.

f) That the Plaintiffs and other Class Members be awarded the costs of the litigation and attorney fees;

g) That interest be awarded as permitted by law; and

h) That such other further and different relief, be awarded, including but not limited to nominal damages, as the Court deems just and appropriate under the law.

William S. Pritchard, III
ASB-4346-P58W
billyp@pm-j.com

Julian P. Hardy, Jr.
ASB-9781-H66J
path@pm-j.com

Madison W. O'Kelley, Jr.
ASB-0913-E55M
madisono@pm-j.com

**OF COUNSEL:**
Pritchard, McCall & Jones, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
(205) 328-9190
(205) 458-0035 fax

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve the Defendant by certified mail pursuant to the Alabama Rules of Civil Procedure 4.1 and Federal Rules of Civil Procedure 4(c)(2)(C)(i).

_____
Of Counsel

**Plaintiff's Address**:
Robert C. Keller and Frank Russo
c/o Pritchard, McCall & Jones, L.L.C.
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605

**Defendants to be served via certified mail as follows**:

Macon County Greyhound Park, Inc.
d/b/a VictoryLand
C/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, Alabama 36109

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the full extent permitted by law.

_____
Of Counsel

11

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002028
Cashier ID: brobinso
Transaction Date: 12/19/2007
Payer Name: PRITCHARD MCCALL AND JONES
----------------------------------------
CIVIL FILING FEE
 For: PRITCHARD MCCALL AND JONES
 Case/Party: D-ALM-3-07-CV-001098-001
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 8116
 Amt Tendered:  $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

KELLER ET AL V. MACON COUNTY
GREYHOUND
```