IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT C. KELLER, et al.** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07cv1098 |
| | ) |
| **MACON COUNTY GREYHOUND PARK,** | ) |
| | ) |
|    **Defendant.** | ) |

## ANSWER TO COMPLAINT

Comes now Macon County Greyhound Park, Inc., by and for answer to the complaint previously filed and saith the following:

### I.     Introduction

1. The allegations contained in paragraph 1, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 1, and demands strict proof thereof.

### II.     The Jurisdiction and Venue

2. Defendant admits it does business in the Middle District of Alabama. Defendant denies the remaining allegation contained in paragraph 2, and demands strict proof thereof.

3. Defendant denies the allegation contained in paragraph 3, and demands strict proof thereof.

4. Defendant admits that it operates a business in the Middle District of Alabama. Defendant denies the remaining allegations contained in paragraph 4, and demands strict proof thereof.

5. The allegations contained in paragraph 5, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 5, and demands strict proof thereof.

6. The allegations contained in paragraph 6, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 6, and demands strict proof thereof.

7. Defendant denies the allegation contained in paragraph 7, and demands strict proof thereof.

8. Defendant denies the allegation contained in paragraph 8, and demands strict proof thereof.

9. Defendant denies the allegation contained in paragraph 9, and demands strict proof thereof.

10. Paragraph 10, of the complaint contained conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that the Plaintiffs are seeking to bring this matter as a class action, but the Defendant denies that any such class exists or should be certified.

11. Defendant denies the allegation contained in paragraph 11, and demands strict proof thereof.

12. Defendant denies the allegation contained in paragraph 12, and demands strict proof thereof.

13. Defendant denies the allegation contained in paragraph 13, and demands strict proof thereof.

14. Paragraph 14, of the complaint contains conclusions of law to which no response is required. To the extent a response is required, the Defendant admits that the allegation of paragraph 12, purports to describe the members of a putative class, but the Defendant denies that any such class exists or should be certified.

15. Defendant denies the allegation contained in paragraph 15, and demands strict proof thereof.

16. Defendant denies the allegation contained in paragraph 16, and demands strict proof thereof.

17. Defendant denies the allegation contained in paragraph 17, and demands strict proof thereof.

18. Defendant denies the allegation contained in paragraph 18, and demands strict proof thereof.

19. Defendant denies the allegation contained in paragraph 19, and demands strict proof thereof.

20. Defendant denies the allegation contained in paragraph 20, and demands strict proof thereof.

21. Defendant denies the allegation contained in paragraph 21, and demands strict proof thereof.

22. Defendant denies the allegation contained in paragraph 22, and demands strict proof thereof.

23. Defendant denies the allegations set forth in the unnumbered "Prayer for Relief" immediately after paragraph number 22, and denies that the paragraphs are entitled to any of the relief Plaintiffs claims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant denies all allegations contained in the Complaint not specifically admitted herein.

### Second Affirmative Defense

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against the Defendant and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any other relief whatsoever from the Defendant.

### Third Affirmative Defense

The Plaintiffs' claims and those of putative class members maybe subject to binding arbitration.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by their unclean hands.

### Fifth Affirmative Defense

The Plaintiffs lack standing to pursue any claim against the Defendant in that they have not alleged, and cannot prove, any actual harm arising from the Defendant's alleged conduct and/or because they are not members of the putative classes.

### Sixth Affirmative Defense

The Plaintiffs claims are barred because consumers were not granted a private right of action for violation of the Fair and Accurate Credit Transactions Act.

### Seventh Affirmative Defense

The Plaintiffs have failed to allege sufficient facts to satisfy the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure.

### Eighth Affirmative Defense

Any purported damages allegedly suffered by the Plaintiffs are the result of the acts or omissions of third persons over whom the Defendant had neither control nor responsibility.

### Ninth Affirmative Defense

The Plaintiffs claims for statutory penalties and/or punitive damages are barred because Defendant's conduct was fair and reasonable, performed in good faith and was justified based upon all relevant facts known to the Defendant at the time.

### Tenth Affirmative Defense

The Defendant did not willfully violate the FACTA or any other legal requirement.

### Eleventh Affirmative Defense

The Complaint fails to set forth grounds sufficient to entitle the Plaintiffs to any award of punitive damages.

### Twelfth Affirmative Defense

The Complaint fails to set forth grounds sufficient to entitle the Plaintiffs to any award of damages.

### Thirteenth Affirmative Defense

Ambiguity in the statute renders it incapable of providing a basis upon which there could be a finding of a willful violation.

### Fourteenth Affirmative Defense

The statutory damages that the Plaintiffs seek would be disproportionate to the harm alleged or suffered by the Plaintiffs, said damages would be excessive, and an award of such damages would violate the Defendant's Due Process rights under the United States Constitution.

### Fifteenth Affirmative Defense

To the extent that the Complaint seeks relief for any conduct occurring more than two years prior to the filing of the Complaint, such claims are barred by the expiration of the statute of limitations.

### Sixteenth Affirmative Defense

The Plaintiffs are not entitled to the requested injunctive relief because: a) neither the Fair Credit Reporting Act nor the FACTA authorize injunctive relief, and b) the Defendant is in full compliance with the FACTA.

### Seventeenth Affirmative Defense

Certification of the classes described in the Complaint could result in a damages award so far exceeding any actual harm incurred by Plaintiffs or the proposed class members as to violate the Defendant's Due Process rights under the United States Constitution.

### Eighteenth Affirmative Defense

The Defendant reserves the right to assert additional affirmative defenses as this civil action progresses.

WHEREFORE, the Defendant Macon County Greyhound Park, Inc. respectfully requests that this Court enter judgment in favor of Macon County Greyhound Park, Inc. and against the Named and all putative class Plaintiffs.

    Respectfully submitted,

/s/ Stanley F. Gray
Fred D. Gray (GRA22)
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
  Gray, Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following electronically, via ecf.almd.uscourts.gov, this the 18th day of January 2008:

William S. Pritchard, III
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama  35203-2605

/s/ Stanley F. Gray
**OF COUNSEL**