IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT C. KELLER, et al.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07cv1098 |
| | ) |
| **MACON COUNTY GREYHOUND PARK,** | ) |
| | ) |
| Defendant. | ) |

## MACON COUNTY GREYHOUND PARK, INC.'S
## AMENDED ANSWER TO COMPLAINT

Comes now Macon County Greyhound Park, Inc. pursuant to this court order of May 21, 2008, and files this Amended Answer to Plaintiffs' Complaint previously filed and saith the following:

### I.   Introduction

1. The allegations contained in paragraph 1, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 1, and demands strict proof thereof.

## II.     The Jurisdiction and Venue

2. Defendant admits it does business in the Middle District of Alabama. Defendant denies the remaining allegation contained in paragraph 2, and demands strict proof thereof.

3. Defendant denies the allegation contained in paragraph 3, and demands strict proof thereof.

4. Defendant admits that it operates a business in the Middle District of Alabama. Defendant denies the remaining allegations contained in paragraph 4, and demands strict proof thereof.

5. The allegations contained in paragraph 5, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 5, and demands strict proof thereof.

6. The allegations contained in paragraph 6, set forth legal conclusions to which no response is required. To the extent that a response is required, the Defendant states that the Fair and Accurate Credit Transaction Act ("FACTA") speaks for itself. Thus, the Defendant denies the allegations contained in paragraph 6, and demands strict proof thereof.

7. Defendant denies the allegation contained in paragraph 7, and demands strict proof thereof.

8. Defendant denies the allegation contained in paragraph 8, and demands strict proof thereof.

9. Defendant denies the allegation contained in paragraph 9, and demands strict proof thereof.

10. Paragraph 10, of the complaint contained conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that the Plaintiffs are seeking to bring this matter as a class action, but the Defendant denies that any such class exists or should be certified.

11. Defendant denies the allegation contained in paragraph 11, and demands strict proof thereof.

12. Defendant denies the allegation contained in paragraph 12, and demands strict proof thereof.

13. Defendant denies the allegation contained in paragraph 13, and demands strict proof thereof.

14. Paragraph 14, of the complaint contains conclusions of law to which no response is required. To the extent a response is required, the Defendant admits that the allegation of paragraph 12, purports to describe the members of a putative class, but the Defendant denies that any such class exists or should be certified.

15. Defendant denies the allegation contained in paragraph 15, and demands strict proof thereof.

16. Defendant denies the allegation contained in paragraph 16, and demands strict proof thereof.

17. Defendant denies the allegation contained in paragraph 17, and demands strict proof thereof.

18. Defendant denies the allegation contained in paragraph 18, and demands strict proof thereof.

19. Defendant denies the allegation contained in paragraph 19, and demands strict proof thereof.

20. Defendant denies the allegation contained in paragraph 20, and demands strict proof thereof.

21. Defendant denies the allegation contained in paragraph 21, and demands strict proof thereof.

22. Defendant denies the allegation contained in paragraph 22, and demands strict proof thereof.

23. Defendant denies the allegations set forth in the unnumbered "Prayer for Relief" immediately after paragraph number 22, and denies that the paragraphs are entitled to any of the relief Plaintiffs claims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant denies all allegations contained in the Complaint not specifically admitted herein.

### Second Affirmative Defense

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against the Defendant and further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any other relief whatsoever from the Defendant.

### Third Affirmative Defense

The Plaintiffs' claims and those of putative class members maybe subject to binding arbitration.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by their unclean hands.

### Fifth Affirmative Defense

The Plaintiffs lack standing to pursue any claim against the Defendant in that they have not alleged, and cannot prove, any actual harm arising from the Defendant's alleged conduct and/or because they are not members of the putative classes.

### Sixth Affirmative Defense

The Plaintiffs claims are barred because consumers were not granted a private right of action for violation of the Fair and Accurate Credit Transactions Act.

### Seventh Affirmative Defense

The Plaintiffs have failed to allege sufficient facts to satisfy the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure.

### Eighth Affirmative Defense

Any purported damages allegedly suffered by the Plaintiffs are the result of the acts or omissions of third persons over whom the Defendant had neither control nor responsibility.

### Ninth Affirmative Defense

The Plaintiffs claims for statutory penalties and/or punitive damages are barred because Defendant's conduct was fair and reasonable, performed in good faith and was justified based upon all relevant facts known to the Defendant at the time.

### Tenth Affirmative Defense

The Defendant did not willfully violate the FACTA or any other legal requirement.

### Eleventh Affirmative Defense

The Complaint fails to set forth grounds sufficient to entitle the Plaintiffs to any award of punitive damages.

### Twelfth Affirmative Defense

The Complaint fails to set forth grounds sufficient to entitle the Plaintiffs to any award of damages.

### Thirteenth Affirmative Defense

Ambiguity in the statute renders it incapable of providing a basis upon which there could be a finding of a willful violation.

### Fourteenth Affirmative Defense

The statutory damages that the Plaintiffs seek would be disproportionate to the harm alleged or suffered by the Plaintiffs, said damages would be excessive, and an

award of such damages would violate the Defendant's Due Process rights under the United States Constitution.

### Fifteenth Affirmative Defense

To the extent that the Complaint seeks relief for any conduct occurring more than two years prior to the filing of the Complaint, such claims are barred by the expiration of the statute of limitations.

### Sixteenth Affirmative Defense

The Plaintiffs are not entitled to the requested injunctive relief because: a) neither the Fair Credit Reporting Act nor the FACTA authorize injunctive relief, and b) the Defendant is in full compliance with the FACTA.

### Seventeenth Affirmative Defense

Certification of the classes described in the Complaint could result in a damages award so far exceeding any actual harm incurred by Plaintiffs or the proposed class members as to violate the Defendant's Due Process rights under the United States Constitution.

### Eighteenth Affirmative Defense

The Defendant reserves the right to assert additional affirmative defenses as this civil action progresses.

**Ninteenth Affirmative Defense**

The statute upon which the Complaint purports to be based, 15 U.S.C. §1681c(g), is unconstitutionally vague and ambiguous on its face and as applied to the Defendant, provides insufficient notice of what constitutes a violation, and enforcement of the statute would violate Defendant's right under the due process clauses of the United States and applicable state Constitutions. The United States District Court for the Northern District of Alabama, on May 28, 2008, ruled that 15 U.S.C. §1681c(g) is unconstitutional See *Grimes v. Motion Pictures* 07-cv-02043.

**Twentieth Affirmative Defense**

Plaintiffs' claim fail because Macon County Greyhound Park, Inc. is not a proper party to this action, in that, it is not "a person that accepts credit cards or debit cards for the transaction of business." See 15 U.S.C §1681c(g)(1).

**Twenty-First Affirmative Defense**

The claim for punitive or exemplary damages is barred because any award of punitive damages in this case would violate Defendant's constitutional rights under provisions of the United States Constitution and applicable state Constitutions.

**Twenty-Second Affirmative Defense**

The claim for punitive or exemplary damages is barred because any award of punitive damages in this case would contravene, or be limited by, applicable provisions of both federal and state statutory law, including but not limited to Ala. Code §6-11-21(a).

**Twenty-Third Affirmative Defense**

Defendant's actions were done innocently and Defendant did not act "willfully" as required by 15 U.S.C. §1681n(a), as a matter of law, because ambiguity in the statutory language renders it incapable of willful violation.

**Twenty-Fourth Affirmative Defense**

To the extent the statute upon which the Complaint purports to be based, 15 U.S.C. §1681c(g), has been violated, any such violation was caused in whole or in part by the acts, wrongs, or omissions of other persons, entities, preexisting conditions, forces, and/or things over which Defendant had no control and for which Defendant is not responsible.

**Twenty-Fifth Affirmative Defense**

To the extent that Plaintiffs have suffered any harm, such harm was caused in whole or in part by Plaintiffs and/or by third-parties.

**Twenty-Sixth Affirmative Defense**

Plaintiffs' claims for punitive or exemplary damages, if granted, may be grossly excessive and would violate the Due Process Clause of the U.S. Constitution, for at lease the following reasons:

   a.   Defendant has not received fair notice that it could be subject to substantial punitive damages for the conduct alleged. Its conduct was not deliberate. The punitive damages Plaintiffs seek are greatly disproportionate to the actual damages and far exceed any civil or

        criminal sanctions that could be imposed for similar alleged conduct.

b.    Plaintiffs' claims for punitive damages or exemplary damages, if granted, would violate the Eighth Amendment to the U. S. Constitution because they seek to impose an excessive fine upon the Defendant, are penal in nature, and seek to punish the Defendant upon wage standards.

c.    Plaintiffs' claims for punitive or exemplary damages, if granted, may violate Equal Protection Clause of the U. S. Constitution because they discriminate against the Defendant on the basis of wealth and because different amounts can be awarded against two or more defendants for the same conduct where those defendants differ only in material wealth.

d.    Plaintiffs' claims for punitive or exemplary damages, if granted, may violate the Due Process Clause of the U. S. Constitution because they seek to punish Defendants based upon unconstitutionally vague standards.

e.    Plaintiffs' claims for punitive or exemplary damages, if granted, may violate the U. S. Constitution because they would expose Defendants to multiple punishments and fines for the same conduct.

f.    Plaintiffs' claims for punitive or exemplary damages, if granted, may violate the Due Process Clause of the U. S. Constitution in the

        absence of an order bifurcating those claims from the issue of liability.

g.     Plaintiffs' claims for punitive or exemplary damages, if granted, may violate the Separation of Powers Doctrine since this Court and the jury would be usurping the exclusion power of the legislature to define crimes and establish punishment.

h.     Plaintiffs' claims for punitive or exemplary damages, if granted, may violate the U. S. Constitution as an ex post facto law. The jury, in making any such award, would effectively by criminalizing conduct after it has occurred and without appropriate advance notice to Defendants that such conduct may subject it to criminal punishment.

i.     To the extent Plaintiffs' claims for punitive or exemplary damages rely on acts of Defendant's agents imputed to the Defendants' agents imputed to the Defendant, the limitations inherent in general agency principles prohibit recovery.

WHEREFORE, having fully responded to Plaintiffs' complaint, and each of its counts, Defendant prays for judgment in its favor and against Plaintiffs, and pursuant to 15 U.S.C. §1681n and any other applicable law, for costs incurred in connection with the defense of this litigation, including reasonable attorneys' fees.

        Respectfully submitted,

/s/ Stanley F. Gray
Fred D. Gray (GRA22)
Stanley F. Gray (GRA053)
Gray, Langford, Sapp, McGowan,
  Gray, Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

## **CERTIFICATE OF SERVICE**

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following electronically, via ecf.almd.uscourts.gov, this the 13th day of June 2008:

William S. Pritchard, III
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama  35203-2605

/s/ Stanley F. Gray
**OF COUNSEL**