IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. KELLER, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:07cv-1098-WKW |
| ) | |
| MACON COUNTY GREYHOUND ) | |
| PARK, INC. ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES

Comes now Macon County Greyhound Park, Inc., by and through its undersigned counsel pursuant to Rule 14 of the Federal Rules of Civil Procedure and files its motion for leave to file a third party complaint against Cash Registry Systems, Inc. In its order dated May 21, 2008, the Court allowed this Defendant additional time to join additional parties. Find attached as Exhibit A, a copy of the proposed third party complaint.

Wherefore, the above other premises considered, Defendant requests this Honorable Court to grant leave to file the attached third party complaint.

Respectfully submitted,

/s/ Stanley F. Gray
Fred D. Gray (ASB-1727-R63F)
Stanley F. Gray (ASB-8670-A567)
Gray, Langford, Sapp, McGowan,
  Gray, Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama 36083-0239
Telephone: (334) 727-4830

## CERTIFICATE OF SERVICE

    I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following electronically, via ecf.almd.uscourts.gov, this the 16th day of June 2008:

William S. Pritchard, III
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203-2605

                                                  /s/ Stanley F. Gray
                                                  **OF COUNSEL**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. KELLER, et al. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07cv1098 |
| | ) |
| MACON COUNTY GREYHOUND | ) |
| PARK, INC. | ) |
| | ) |
|     Defendant, | ) |

---

| | |
|---|---|
| MACON COUNTY GREYHOUND | ) |
| PARK, INC. | ) |
| | ) |
|     Defendant/Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CASH REGISTER SYSTEMS, INC. | ) |
| | ) |
|     Plaintiff Third Party Defendant. | ) |

### THIRD PARTY COMPLAINT

Comes now Macon County Greyhound Park, Inc., pursuant to Rule 14 of the Federal Rules of Civil Procedure and within the time allowed by the Court, pursuant to this Court's order

of May 21, 2008 and brings the following Third Party complaint against Cash Register Systems, Inc. and asserts the following:

## PARTIES

1. Third Party Plaintiff Macon County Greyhound Park, Inc. is a domestic corporation located in Macon County, Alabama, which is within the jurisdiction of the United States District Court for the Middle District of Alabama.

2. Third Party Defendant Cash Register Systems, Inc. is a domestic corporation, which does business in Alabama and maintains its principle place of business in Montgomery, Alabama.

## JURISDICTION

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1367. The claims asserted by Third Party Plaintiff against Defendant are related to the claims originally asserted by Plaintiff against Third Party Plaintiff.

## FACTS

4. In 2005, Third Party Defendant made a presentation to Third Party Plaintiff to provide Third Party Plaintiff with a point of sale system, including all materials, software and maintenance of the system for the food and beverage department at Macon County Greyhound Park, Inc.

5. As part of Third Party Defendant's presentation, the Third Party Defendant informed Third Party Plaintiff that the software and point of sale system would comply with the applicable state and federal laws governing cash and credit/debit card sales.

6. In 2005, Third Party Defendant Cash Registry Systems sold to Third Party Plaintiff a point of sales system, including software. Third Party Defendant installed the software for the point of sales system. Third Party Defendant also coordinated all point of sales machines for the food and beverage department at Third Party Plaintiff's facility.

7. Third Party Defendant provided to Third Party Plaintiff the following: Aloha Table Service Software support, Aloha Credit Card Software support, telephone Support and service work to the server and point of sales system at Macon County Greyhound Park, Inc.

8. Third Party Defendant performed various services concerning Third Party Plaintiff's point of sale system, including, but not limited to:

    a. Third Party Defendant had the ability to "dial up" Third Party Plaintiff's point of sale system and make changes remotely.

    b. Third Party Defendant repaired and corrected Third Party Plaintiff's terminals.

    c. Replacing computer printer ribbons.

    d. Repaired and reconfigured computer terminals.

    e. Repaired point of sales terminal lock-up.

    f. Installed, upgraded and configured point of sale software.

9. Third Party Plaintiff paid Third Party Defendant for all services charged and rendered by the Third Party Defendant.

10. On or about October 22, 2007, Third Party Defendant contacted Third Party Plaintiff and informed Third Party Plaintiff that Third Party Defendant needed to upgrade the software on the point of sales system.

11. On or about October 22, 2007, Third Party Defendant and/or Third Party Defendant's agent entered Third Party Plaintiff's server room and allegedly upgraded Third Party Plaintiff's point of sale system.

12. Immediately thereafter, the point of sale system started exposing all credit card numbers of food and beverage customers' receipts at Macon County Greyhound Park, Inc.

13. On or about December 6, 2007, Third Party Defendant gave instruction to Third Party Plaintiff, by telephone, to correct the problem.

## COUNT I – COMMON LAW INDEMNITY

14. Third Party Plaintiff Macon County Greyhound Park, Inc. adopts all preceding paragraphs of this Third Party complaint, as if fully set forth herein.

15. Plaintiff filed the underlying class action suit against Macon County Greyhound Park, Inc. claiming damages for alleged willful violation of 15 U.S.C. §1681c(g). The Plaintiff alleges that Defendant willfully printed the expiration dates and credit card numbers on customer receipts.

16. Third Party Plaintiff denies any and all liability in the underlying complaint or is only passively or constructively at fault, and is therefore entitled to indemnification from the Third Party Defendant Cash Register Systems, Inc.

17. In the event that it is determined that Plaintiffs and other customers' credit card numbers and expiration dates were willfully exposed on credit/debit card receipts, such that a

4

judgment is rendered in favor of Plaintiffs, then in such event Macon County Greyhound Park, Inc. would be entitled to judgment in like amount against Cash Registry Systems, Inc. based on its active negligence of failing to properly install, upgrade, service and maintain Third Party Plaintiff's point of sale system and software.

Wherefore, the above and other premises considered, Third Party Plaintiff Macon County Greyhound Park, Inc. demands judgment against Third Party Defendant Cash Register Systems, Inc. for the amount of all compensatory damages resulting from the Third Party Plaintiff's presence in the underlying suit, any award of punitive damages, attorney's fees and costs, all funds expended, as a result of the litigation, including interest, taxable costs and other relief deemed proper.

Respectfully submitted,

Fred D. Gray (ASB-1727-R63F)
Stanley F. Gray (ASB-8670-A567)
Gray, Langford, Sapp, McGowan,
   Gray, Gray & Nathanson
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following, via certified mail, this the 16th day of June 2008:

William S. Pritchard, III
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203-2605

_____
OF COUNSEL

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve the Third Party Defendant by certified mail pursuant to the Alabama Rules of Civil Procedure 4.1 and the applicable Federal Rules of Civil Procedure.

_____
OF COUNSEL

### Defendant is to be served via certified mail as follows:

Cash Registry Systems, Inc.
Post Office Box 210129
Montgomery, Alabama 36121-0129

6