IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT C. KELLER, et al.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.:   3:07-cv-1098 |
| ) | |
| **MACON COUNTY GREYHOUND** ) | |
| **PARK, INC.,** ) | |
| ) | |
| Defendant. ) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| **MACON COUNTY GREYHOUND** ) | |
| **PARK, INC.,** ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **CASH REGISTER SYSTEMS, INC.,** ) | |
| ) | |
| Third Party Defendant. ) | |

### MOTION TO DISMISS/MOTION TO STAY PROCEEDINGS

**COMES NOW,** the Third Party Defendant, Cash Register Systems, Inc., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to dismiss all counts in the Third Party Complaint as a matter of law, on the grounds that the Third Party Complaint fails to state a claim upon which relief can be granted.  In the alternative, the Third Party Defendant respectfully requests that this court stay all proceedings against it pending the decision of substantially related questions of law in the following case currently on appeal to the Eleventh Circuit: Grimes v. Rave Motion Pictures Birmingham, LLC et al., 552 F.Supp.2d

1302 (2008)(See Ex. A - Opinion).  As grounds therefor, the Third Party Defendant would show as follows:

## I.     Introduction

On December 18, 2007, Plaintiff, Robert Keller, filed suit against Macon County Greyhound Park, Inc. under the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681, claiming that it willfully failed to truncate his credit card numbers on a receipt.  (Doc. 1). Plaintiff Keller does not allege that he suffered actual damages but simply alleges damages pursuant to FACTA.  Third Party Plaintiff, Macon County Greyhound Park, Inc., (hereinafter "Greyhound") thereafter instituted a third party action against Cash Register Systems, Inc. (hereinafter Cash Register) on July 7, 2008 claiming common law indemnity for claims brought against it by Plaintiff, Robert C. Keller.  (Doc. 23).

## II.     Motion to Dismiss

A.     Failure to State a Claim

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Greyhound's Third Party Complaint against Cash Register fails to state a claim upon which relief can be granted and is due to be dismissed.  The United States Supreme Court tightened the pleading requirements for a complaint to survive a Motion to Dismiss in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007).  The Court held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 127 S.Ct at 1964-65. (internal citations omitted, quotations in original). The Court further noted that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1965 (internal quotations omitted). Additionally, "the pleading must contain something more…than…a statement of facts that merely creates a suspicion of a legally cognizable right of action." Id. (ellipses in original; internal quotations omitted).

In the case at bar, Greyhound claims that Cash Register provided software and system support for its computerized point of sale system. In its Third Party Complaint, Greyhound alleges the following:

> 11.   On or about October 22, 2007, Third Party Defendant and/or Third Party Defendant's agent entered Third Party Plaintiff's server room and allegedly upgraded Third Party Plaintiff's point of sale system.
>
> 12.   Immediately thereafter, the point of sale system started exposing all credit card numbers of food and beverage customers' receipts at Macon County Greyhound Park, Inc.
>
> 13.   On or about December 6, 2007, Third Party Defendant gave instruction to Third Party Plaintiff, by telephone, to correct the problem.

(Doc. 23). Greyhound brings one claim against Cash Register for common law indemnity, claiming that if Greyhound is found liable to Plaintiff Keller, then Greyhound would be entitled to judgment in like amount against Cash Register.

Under the Motion to Dismiss standard established by the U.S. Supreme Court in Bell Atlantic v. Twombly, supra., the Third Party Complaint fails to state a claim against Cash Register upon which relief can be granted. The plaintiff brings one state law claim for common law indemnity. The Alabama Supreme Court noted that:

3

> It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity….This right of indemnity is based on the principle that everyone is responsible for his own negligence, and if another has been compelled *by the judgment of a court* having jurisdiction to pay the damages which ought to have been paid by the wrongdoer they may be recovered from him….This general rule sets out three prerequisites to a right of recovery: (1) that the indemnitee be without fault, (2) that the indemnitor be the party responsible, or primarily liable, and (3) that the indemnitee has been required to pay out money *by a judgment of a court*,  This three-prong test is essential the same as the elements of a common law action for indemnity, which are summarized in Restatement, Restitution, § 76:  'A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct'.

Allstate Ins. Co. v. Amerisure Ins. Companies, 603 So.2d 961, 963 (Ala. 1992)(italics in original; first ellipses in original; second ellipses added).

Greyhound's third party complaint fails to satisfy the pleading requirements set forth in Bell Atlantic v. Twombly, supra.  Twombly mandates that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 127 S.Ct at 1965.  The factual allegations against Cash Register are nothing more than bald speculation.  Greyhound simply alleges that Cash Register upgraded its computer system and thereafter, its system revealed patron's credit card numbers.  Greyhound makes no factual allegation of a causal link between a computer upgrade and the revelation of credit card numbers.  Any suggestion of such a causal link is pure speculation and fails to satisfy the pleading requirements set forth by the U.S. Supreme Court.  Accordingly, Cash Register's Rule 12(b)(6) Motion to Dismiss is due to be granted.

      B.     <u>FACTA held unconstitutional</u>

The underlying complaint against Greyhound by Keller is brought pursuant to FACTA[1]. In the event that Greyhound is not liable to Keller, then Cash Register is not liable to Greyhound. Thus, Greyhound's ability to maintain a viable cause of action against Cash Register is hinged upon Keller's ability to recover against Greyhound under FACTA. A U.S. Federal District Court recently held that FACTA, as applied in a similar case, is unconstitutional. <u>See</u>, <u>Grimes v. Rave Motion Pictures Birmingham, LLC et al.</u>, 552 F.Supp.2d 1302 (N.D. Ala. 2008). That decision is currently on appeal to the Eleventh Circuit Court of Appeals. (Ex. B – Grimes' Notice of Appeal; Ex. C – United States' Notice of Appeal). Although the decision by the U.S. District Court for the Northern District of Alabama is not binding precedent on this Court, it is persuasive authority. For the reasons set forth in Judge Acker's opinion in <u>Grimes v. Rave Motion Pictures Birmingham, LLC et al.</u>, 552 F.Supp.2d 1302 (N.D. Ala. 2008), Cash Register asserts that FACTA is unconstitutional as applied to Keller's complaint against Greyhound, thus extinguishing any alleged potential cause of action Greyhound may have against Cash Register. Therefore, as a matter of law, Greyhound fails to state a cause of action against Cash Register upon which relief can be granted and its complaint is due to be dismissed.

      C.     <u>Motion to Stay</u>

Should this Court decline to adopt the reasoning and opinion of the Northern District in <u>Grimes v. Rave Motion Pictures Birmingham, LLC et al.</u>, 552 F.Supp.2d 1302 (N.D. Ala. 2008), Cash Register respectfully requests this Honorable Court issue a stay of these proceedings pending resolution of the appeal of that decision to the Eleventh Circuit. This Court's "power to

---

[1] FACTA mandates, among other things, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g). Damages for willful violation of the statute include "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Estate of Miller ex rel. Miller v. Toyota Motor Corp., 2008 WL 2704492 (M.D. Fla. July 3, 2008). Further, "[d]istrict courts have the discretion to issue a stay pending the decision of a substantially related question of law by the Circuit Court or the United States Supreme Court." Id.

Given that the legal issues upon which the complaints in this case are based are under consideration by the Eleventh Circuit, it is in the manifest interest of all parties and the court to stay further proceedings until the Eleventh Circuit has ruled in Grimes.

WHEREFORE, THE PREMISES CONSIDERED, Third Party Defendant, Cash Register Systems, Inc., respectfully requests, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that all claims against it be dismissed. In the alternative, the Third Party Defendant requests that the case against it be stayed pending the outcome of the following case currently on appeal to the Eleventh Circuit: Grimes v. Rave Motion Pictures Birmingham, LLC et al., 552 F.Supp.2d 1302 (2008).

      /s/    Emily C. Marks
EMILY C. MARKS

      /s/    N. Gunter Guy, Jr.
N. GUNTER GUY, JR.
Attorneys for the Third Party Defendant

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Phone: (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Fred D. Gray
Stanley F. Gray
Gray, Langford, Sapp, McGowan,
  Gray, Gray & Nathanson
P.O. Box 830239
Tuskegee, Alabama  36083-0239

William S. Pritchard, III
Pritchard, McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203-2605

                                    /s/ Emily C. Marks
                                    OF COUNSEL

# Westlaw.

552 F.Supp.2d 1302                                                                 Page 1
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

C

Grimes v. Rave Motion Pictures Birmingham, L.L.C.
N.D.Ala.,2008.

United States District Court,N.D.
Alabama,Southern Division.
Julie Best GRIMES, etc. Plaintiff,
v.
RAVE MOTION PICTURES BIRMINGHAM,
L.L.C., et al., Defendants.
Bobbie Harris, etc., Plaintiff,
v.
Mexican Speciality Foods, Inc., d/b/a La Paz Restaurante & Cantina, Defendant.
Edmund Rush, etc., Plaintiff,
v.
Hooters of East Birmingham, Defendant.
William C. Floyd, etc. Plaintiff,
v.
Express Oil Change, L.L.C., Defendant.
**Civil Action Nos. 07-AR-1397-S, 07-AR-1930-S, 07-AR-2154-S, 07-AR-2043-S.**

May 28, 2008.

**Background:** Consumers brought separate, putative class actions against merchants under Fair and Accurate Credit Transactions Act (FACTA), alleging failure to comply with Act's requirement for truncation of credit card numbers on receipts at point of sale. Merchants moved for summary judgment in each case.

**Holdings:** The District Court, William M. Acker, Jr., Senior District Judge, held that:
(1) FACTA's imposition of strict liability for willfully failing to truncate credit card numbers on receipts violated due process on its face, due to vagueness of damages provision, and
(2) imposition of strict liability also violated Due Process Clause as applied, based on possibility of award of punitive damages without any actual damages.

Motions granted.

West Headnotes

**[1] Consumer Credit 92B ⟲ 37**

92B Consumer Credit
   92BII Federal Regulation
      92BII(A) In General
         92Bk37 k. Limitations on Credit Card Liability. Most Cited Cases
Fair and Accurate Credit Transactions Act's (FACTA) imposition of strict liability for merchant's willful failure to truncate credit card numbers on receipts violated Due Process Clause on its face, due to vagueness of provision declaring that, absent actual damages, violator was liable for "damages of not less than $100 and not more than $1,000"; there was no basis for deciding amount of liability within stated range, other than whim of jury, and possibility of double punishment inhered due to presence of separate punitive damages provision. U.S.C.A. Const.Amend. 5; Consumer Credit Protection Act, §§ 605(g), 616(a)(1)(A), (a)(2), 15 U.S.C.A. §§ 1681c(g), 1681n(a)(1)(A), (a)(2).

**[2] Consumer Credit 92B ⟲ 37**

92B Consumer Credit
   92BII Federal Regulation
      92BII(A) In General
         92Bk37 k. Limitations on Credit Card Liability. Most Cited Cases
Fair and Accurate Credit Transactions Act's (FACTA) imposition of strict liability for merchant's willful failure to truncate credit card numbers on receipts violated Due Process Clause as applied to merchants alleged to have violated Act, based on possibility under Act of punitive damages being awarded without any actual damages being sustained or proven, even though merchants had not yet been found liable for excessive damages; class certification, imposition of minimum statutory damages of $100, and financial impact upon mer-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 2

chants were all predictable. U.S.C.A. Const.Amend. 5; Consumer Credit Protection Act, §§ 605(g), 616(a)(1)(A), (a)(2), 15 U.S.C.A. §§ 1681c(g), 1681n(a)(1)(A), (a)(2).

Held Unconstitutional15 U.S.C.A. §§ 1681c(g), *1303 1681n(a)(1)(A)

Alexander W. Jones, Jr., William S. Pritchard, III, Pritchard McCall & Jones LLC, Birmingham, AL, Jay Aughtman, Scarlett M. Tuley, Beasley Allen Crow Methvin Portis & Miles PC, Montgomery, AL, for Julie Best Grimes individually and as representative of all other persons similarly situated.
Edward E. Angwin, Jonathan H. Waller, Waller Law Office, Birmingham, AL, for Bobbie Harris, individually, and on behalf of all others similarly situated.
Adam P. Plant, Andrew C. Allen, G. Douglas Jones, Othni J. Lathram, W. Tucker Brown, Whatley Drake & Kallas LLC, Birmingham, AL, Christopher D. Glover, Douglas Brett Turnbull, Hogan & Glover, PC, Birmingham, AL, for William C. Floyd, individually and as representative of all other persons similarly situated.
Micah S. Adkins, Richard A. Bearden, Massey Stotser & Nichols, PC, Birmingham, AL, for Edmund Rush, individually and on behalf of a class of similarly situated persons.
Daniel Kadane Crane-Hirsch, U.S. Department of Justice, Office of Consumer Litigation, Washington, DC, Jack B. Hood, Joyce White Vance, U.S. Attorney's Office, Birmingham, AL, for United States of America, Intervenor-Plaintiff.
Dylan C. Black, James W. Gewin, Bradley Arant Rose & White, Birmingham, AL, Heather S. Esau Zerger, William Perry Brandt, Bryan Cave LLP, Kansas City, MO, for Rave Motion Pictures Birmingham LLC.
Joshua D. Jones, Thomas J. Butler, Maynard Cooper & Gale PC, Birmingham, AL, for Mexican Specialty Foods, Inc.
Dylan C. Black, John E. Goodman, Keith S. Anderson, Bradley Arant Rose & White, Birmingham, AL, for Express Oil Change, LLC.
Alisa Pittman Cleek, Robert W. Capobianco, Elarbee Thompson Sapp & Wilson LLP, Atlanta, GA, Donna Eich Brooks, Lehr Middlebrooks & Vreeland, PC, Birmingham, AL, for Hooters of East Birmingham.

### MEMORANDUM OPINION

WILLIAM M. ACKER, JR., District Judge.
All four of the above-entitled cases are assigned to the undersigned. They have the following other common features, making them cookie-cutter cases:

1. Each is based on an alleged violation by a vendor of the Fair and Accurate Credit Transactions Act ("FACTA")/ 15 U.S.C. §§ 1681c(g), and 1681n, the statutory provisions that have spawned so much litigation in federal courts that the multi-district panel has recently picked two competing transferee courts to handle it. See In re Oilily Fair & Accurate Credit Transactions Act Litig., 545 F.Supp.2d 1375 (J.P.M.L.2008); In re Texas Roadhouse Fair & Accurate Credit Transactions Act Litig., 542 F.Supp.2d 1370 (J.P.M.L.2008). This court is resisting the temptation to wait for these four cases to be transferred.

2. Each case is brought by a single customer who seeks to represent a Rule 23, Fed.R.Civ.P., class of similarly situated individuals against his vendor.

3. Each seeks the damages that, according to FACTA, must be awarded under a strict liability theory in the event of *1304 a willful violation of FACTA. Each plaintiff expressly eschews any claim for actual damages. In addition to automatic damages, each plaintiff claims the punitive damages and attorneys fees that are also allowed by FACTA. The descriptions of the four putative classes expressly exclude all persons who want to pursue claims for actual damages.

4. Each case is now before the court on a defendant's motion for summary judgment. All motions are based on the contention that the FACTA provisions invoked by plaintiffs are unconstitutional. More precisely, defendants claim that the chal-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 3

lenged statutory provisions are both facially defective and are confiscatory in application to these particular defendants and thus violate "due process".

5. Each motion for summary judgment is accompanied by a declaration that satisfactorily demonstrates the catastrophic effect that a class judgment would have on that defendant. No plaintiff has sought, pursuant to Rule 56(f), Fed.R.Civ.P., to obtain evidence to refute the financial information provided by the defendant. Each defendant concedes the numerosity, commonality and typicality necessary for class certification under Rule 23, Fed.R.Civ.P. As a matter of simple arithmetic, when the financial condition of each defendant is considered in conjunction with the expected number of FACTA violations, a class recovery would put each defendant out of business. Annihilation is assured if each member of the class gets what FACTA purports to guarantee him.

6. Each defendant notified the United States of the constitutional challenge as required by Rule 5.1, Fed.R.Civ.P. The United States, as advocate for Congress, has intervened and filed a carefully written brief in opposition to the motions for summary judgment. The issues have also been well briefed by the other parties.

7. All motions for summary judgment are now under submission. Because the dispositive questions in all four cases are identical, the motions will be addressed together.

*Introduction*

This court fully comprehends, and totally agrees with, the doctrine of separation of powers inherent in the Constitution of the United States, namely, that members of the judicial branch must not substitute their conception of good public policy for a statute enacted by the legislative branch. Congress is responsible for deciding issues of public policy. It is only when Congress crosses a line clearly drawn by that same Constitution that the judicial branch must exercise its responsibility and duty to intervene and to protect rights guaranteed by that very same Constitution. These four cases present one of those rare instances when that line was crossed.

The statutory provisions here under review were enacted for the avowed and salutary purpose of protecting credit card users from identity theft. The here pertinent FACTA provisions read as follows:

15 U.S.C. § 1681c(g).

**Truncation of credit card and debit card numbers**

**(1) In general**

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

**(2) Limitation**

This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number*1305 is by handwriting or by an imprint or copy of the card.

\* \* \*

15 U.S.C. § 1681n.

**Civil liability for willful noncompliance**

**(a) In general**

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 4

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Defendants mount two separate lines of attack on FACTA insofar as it purports to impose strict liability for willfully failing to truncate credit card receipts. Both constitutional criticisms provide irrefutable reasons for this court to declare that FACTA violates the "due process" clause of the Constitution. The Fifth Amendment provides, *inter alia,* that no person (this includes corporations) can be deprived of property without due process of law. If these defendants are exposed to class action treatment of their FACTA violations, as they will be if this court does not rule in their favor, they will be deprived of "due process". Without undertaking to write a law review article, or to write briefs for the anticipated appellees, this court, with some hesitation, but with little doubt, has reached the conclusion that the above-quoted provisions of FACTA, as applied to these defendants, are unconstitutional. Because this court knows that it will not have the final word, it will only briefly outline its rationale, citing little case authority because the propositions of law the court relies on are well understood, virtual truisms.

*How Vague Can a Statute Be and Still Pass Constitutional Muster?*

[1] The most obvious denial of "due process" that facially appears in this statutory scheme comes from its vague description of the damages that must be awarded to a single victim against a single vendor for a single willful failure to truncate a customer's electronically produced credit card receipt, even though no actual damages are sustained. Under § 1681n(a)(1)(A), anyone who seeks actual damages must prove those damages and must prove that they were proximately caused by the vendor's willful noncompliance. This is a burden these four plaintiffs obviously cannot undertake. The credit card receipts they received from the various vendor-defendants were undoubtedly taken by the various plaintiffs to their various lawyers before the receipts could get into the hands of identity thieves. Without having sustained actual damages, credit-card using customers, whether or not they trolled for their non-compliant receipts, can sue their vendors if the vendor recklessly disregarded the FACTA obligation to truncate the credit card receipt (something relatively easy to prove) and can automatically recover "**damages of not less than $100 and not more than $1,000**" for each violation. If the same customer returns to the same establishment five times in five hours and uses his *1306 credit card each time, there will be five FACTA violations, each of which will trigger a strict liability recovery of "**not less than $100 and not more than $1,000**". The possibility for a misuse of credit cards **by customers** reaches astronomical proportions more than the possibility of misuse of credit card information **by thieves.**

These four plaintiffs, and the United States, have not been able to provide this court with a jury instruction that could satisfactorily explain to a jury how to go about fixing the amount of an award under § 1681n(a)(1)(A). Not only does a willful violation entitle a plaintiff to statutory damages, but also to "punitive damages as the court may allow". FACTA does not purport to take away the Seventh Amendment right to trial by jury. Jury trials require understandable and rational criteria for any award of damages. If the statutory damages in FACTA were fixed at a stationary $500 instead of in an in-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 5

determinate amount, the preparation and delivery of a jury charge would be simple and constitutional. Congress, instead, here said "not less than $100 and not more than $1,000".

The concept of "actual damages" is well understood and can be explained by a court in a way to make a jury understand that its purpose is to compensate or to restore the injured party. To the contrary, the statute here under consideration provides no guidance for deciding between $100 and $1,000, leaving it to the whim of the jury, that is, unless the court violates the doctrine of separation of powers and assumes the role of legislator as the only way to make sense of the present non-sensical language. Plaintiffs and the United States point to some statutes that have certain characteristics similar to the language in this statute, but they point to no statute quite as vague or as impossible to explain to a jury as this one.

Courts and juries cannot be called upon to make up the rules as they go. Courts cannot be expected to tell a jury, "**Just do what you think is right**" (so long as you do not award less than $100 or more than $1,000). "Doing what is right" does not meet the standard of "due process". Many a jury has done what it thought was right, and it was wrong. As an enforcer of the Seventh Amendment, this court must insist upon a jury's having a chance at fairly performing its adjudicative function and not simply flying by the seat of its pants.

The words "**not less than $100 and not more than $1,000**" constitute an almost perfect illustration of the concept "void for vagueness". There is no way short of legislation to remove the vagueness and ambiguity in these words. They make it impossible to conduct a fair trial. To charge a jury using this loose language would be to invite an unanswerable question from any intelligent jury. This court could not in good conscience tell a jury to award "not less than $100 and not more than $1,000," and then wait for the jury's puzzled look.

If a jury is allowed to wander indiscriminately between $100 and $1,000 for each willful FACTA violation, one jury can decide that a particular violation calls for $100, while another jury can decide that precisely the same violation by the same vendor is worth $1,000, while other juries can, willy nilly, award something in between. Congress is, of course, presumed to know what it is doing, a presumption here in jeopardy. Congress is not perfect, just as the courts are not perfect.

Congress may have here inadvertently mandated class treatment of **all** FACTA cases in which no actual damages are sustained. No thinking lawyer will file a case like these four without expecting class treatment. It makes no economic sense to *1307 file a single action for a single plaintiff against a single vendor in a single transaction, that is, unless the bare possibility of recovering punitive damages and attorneys fees encourages a few lawyers to do so. Perhaps these defendants should be conceding class status. In fact, this court predicts that none of these defendants will continue to resist class treatment if they do not get from this court and the reviewing courts, a declaration that this statute, insofar as it applies to these defendants, is unconstitutional. The reason for this prediction is that there are already several FACTA cases in other federal courts in which a putative class has been certified and in which a settlement has been reached for "coupons" (or the equivalent) and attorneys fees.

If, as some plaintiffs argue, Congress meant in § 1681n(a)(1)(A) implicitly to allow a jury to slide between $100 and $1,000, depending upon what it finds to be the **degree** of a particular defendant's willfulness, the word "willful" will receive a new meaning. Nothing in the FACTA language suggests any difference between how a jury is to react to **slight** willfulness and to **serious** willfulness. Could the willfulness of a large and successful vendor call for more punishment than the willfulness of a mom-and-pop store? If the degree of willfulness is a matter for jury consideration, a subsequent award of punitive damages is the remedy expressly provided for punishing egregious conduct. This court as-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 6

sumes that the statutory words "the court", in assigning the right to impose punitive damages, means "the jury" in a jury case. Any adjustment upward from the FACTA minimum $100 would necessarily be **punitive,** and therefore would trespass upon the punitive damages provision that immediately follows. "Due process" does not tolerate a defendant's being punished twice for the same conduct.

Plaintiffs and the United States concede that the award of more than $100 in a particular transaction would represent punishment of the willful conduct of the vendor. They cannot admit, and therefore do not concede, that punishment under § 1681n(a)(1)(A) renders meaningless or redundant the subsequent language that allows an award of punitive damages under § 1681n(a)(2). When this issue was brought up during oral argument, counsel for one of the plaintiffs suggested that his client would be willing to amend his complaint to eliminate his claim for punitive damages. He hoped that such an amendment would obviate the constitutional question. Such an amendment would solve nothing. The question of double punishment inhering in §§ 1681n(a)(1)(A) and 1681n(a)(2) cannot be ignored. How to punish a violator with a substantial money judgment after he has already been punished with a monetary award exceeding the minimum of $100, is a question that defies an answer. The potential that double punishment only exacerbates the problem of how to instruct a jury using the FACTA language.

If the classic words "void for vagueness" have meaning, they perfectly describe this statutory language. The language simply creates an unmanageable problem for courts who cannot be expected to be draftsmen and to judicially innovate solutions that would be an exercise of the legislative func- tion.

Congress apparently recognizes some of the problems it has created in FACTA. It is now busy considering corrective measures. This court cannot wait to see what, if anything, Congress will do that can resolve the unavoidable constitutional issues here presented by these defendants.

### *The Confiscatory Effect of the Strict Liability Provision*

[2] The United States, as intervenor, argues that it would be premature for this *1308 court to consider the "due process" implications of FACTA insofar as it may result in an award of **excessive** damages. The United States insists that the court wait for the actual outcome in these cases before evaluating them for their constitutional dimensions. Should defendants' cry of impending financial disaster and annihilation be put off until disaster has predictably befallen them after a great expenditure of time and money, including the cost of providing notice to hundreds of unaware and uncomplaining class members? The very thought of having to consider post-judgment motions for a reduction of predictably confiscatory awards sends chills down this court's spine. Chilly or not, this court has enough spine not to postpone a decision on a crucial threshold matter when a decision on that matter by some court, is inevitable.

If FACTA's legislative history reveals a rationale for punishing the producer of electronically produced receipts, while not punishing untruncated hand-written receipts, this court has not found it. Both kinds of receipts involve interstate commerce and can be stolen.

It does not take a haruspex to predict with pinpoint precision that classes will be certified in these cases. Almost perfect proof of this is found in *Meehan v. Buffalo Wild Wings, Inc.,* 249 F.R.D. 284 (N.D.Ill.2008). It is also easy to predict that when each class member automatically recovers what he is entitled to (**it is mandated by Congress that each victim receive "not less than $100"**), these defendants will be headed to the bankruptcy court. It is theoretically possible, of course, that Congress intended this result. Whether or not this was its intention, the Fifth Amendment prohibition against

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

552 F.Supp.2d 1302
552 F.Supp.2d 1302
**552 F.Supp.2d 1302**

Page 7

the taking of property without "due process", stands in the way of the judicial implementation of any such congressional intention.

FACTA makes no distinction between the possibility of awarding punitive damages after actual damages have been proven, and after no actual damage whatsoever has been sustained, much less proven. The imposition of punitive damages without any actual damages whatsoever, is a stranger to the Supreme Court which recently said in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 426, 123 S.Ct. 1513, 1524, 155 L.Ed.2d 585 (2003):

> [C]ourts must ensure that the measure of punishment is both reasonable and **proportionate to the amount of harm** to the plaintiff and to the general damages recovered.

(emphasis supplied). To impose punitive damages **without the suffering of any harm is** inherently disproportionate. Nominal damages can, of course, represent or substitute for actual damages. Nominal damages may or may not open the door to an award of proportionate punitive damages, but an award of damages that **are by statute expressly not compensatory in nature,** cannot open that door. *State Farm's* holding is no more than a recognition and elaboration of the easily understood principle enunciated in *St. Louis Iron Mountain & Southern Railway Co. v. Williams,* 251 U.S. 63, 40 S.Ct. 71, 64 L.Ed. 139 (1919), wherein an earlier Supreme Court held that a penalty can be so severe and so disproportionate to the actual damages sustained that it contravenes due process of law. Such a contravention becomes even more obvious when the same conduct is being punished twice.

If and when class action status is granted in these cases, the only alternative for these defendants is bankruptcy, that is, unless this court should become willing to play games and to ignore the congressional order to award at least $100 to every class member. This court can see no honest *1309 way to avoid certifying a class, and no honest way to approve a settlement that awards less than $100 to each class member. These defendants probably know that they have not found a court who will approve a "coupon" settlement. Congress said "not less than $100", and this court must follow Congress, even if it means bankruptcy for every business in the country, that is, of course, unless this Congressional enactment is invalid, as this court thinks it is.

To wait for the assured destruction of these four defendants before removing their exposure to the destructive effects of this unconstitutional statute would be both unfair and a great waste of judicial time and effort, and this court respectfully declines the request of the United States to put off the inevitable.

*Conclusion*

Based on the foregoing, FACTA is, on its face and in its application to these defendants, a bomb that has already exploded or is sure so to explode that it needs defusing. There is no point in waiting to see if these plaintiffs can prove the obvious, namely, that defendants did, in fact, willfully fail to truncate the credit card receipts of the plaintiffs. Either summary judgment for defendants must be granted now, or summary judgment for the plaintiffs will be granted later.

A separate order granting all defendants' motions for summary judgment will be entered.

N.D.Ala.,2008.
Grimes v. Rave Motion Pictures Birmingham, L.L.C.
552 F.Supp.2d 1302

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JULIE BEST GRIMES, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-01397-WMA |
| | ) |
| RAVE MOTION PICTURES | ) |
| BIRMINGHAM, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF APPEAL

Plaintiff, Julie Best Grimes hereby gives notice of her appeal to the United States Court of Appeals for the Eleventh Circuit from the final judgment entered by the District Court on May 28, 2008 (Doc. #63-Order) (Doc. #62-Memorandum Opinion).

/s Scarlette M. Tuley
Scarlette M. Tuley
ASB-4517-T54S

**OF COUNSEL:**
Beasley Allen Crow Methvin
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, Alabama 36104
334-269-2343
334-269-2371 fax
Email: jay.aughtman@beasleyallen.com
Email: scarlette.tuley@beasleyallen.com


**OF COUNSEL**:
**Pritchard, McCall & Jones, L.L.C.**
800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
(205) 328-9190
(205) 458-0035 fax

## CERTIFICATE OF SERVICE

       I hereby certify that I have served upon all Defendants of record <u>as listed below</u> by placing a copy thereof in the United States Mail, first class postage prepaid and/or electronic mail on this the 24th day of June, 2008.

                                                */s Scarlette M. Tuely*
                                                OF COUNSEL

Dylan C. Black
Bradley Arant Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
dblack@bradleyarant.com

Mark D. Cahill
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
mcahill@choate.com

W. Perry Brandt
Heather S. Esau Zerger
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
P. O. Box 419914
Kansas City, MO 64141-6914
Perry.Brandt@BryanCave.com

Joshua D. Jones
A. Inge Selden, III
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, AL 35203

Case 2:07-cv-01397-WMA   Document 26-4   Filed 05/15/2008   Page 1 of 3

Case 2:07-cv-00983-KTM   Document 626-4   Filed 07/15/2008   Page 2 of 3

FILED
2008 Jul-15 PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIE BEST GRIMES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:07-cv-01397-WMA |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Intervener Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| RAVE MOTION PICTURES | ) | |
| BIRMINGHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF APPEAL

Notice is hereby given that the United States of America, intervener plaintiff, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the order granting summary judgment and dismissal entered in this action on the 28th day of May, 2008.

                                            ALICE H. MARTIN
                                            United States Attorney

                                            /s/_____
                                            JOYCE WHITE VANCE
                                            Assistant United States Attorney
                                            1801 4th Avenue North

Birmingham, Alabama 35203
Tel: (205) 244-2001
Fax: (205) 244-2174

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander W. Jones, Jr.
Pritchard, McCall & Jones, LLL
505 North 20th Street, Suite 800
Birmingham, AL 35203-2605

Jay Aughtman
Beasley, Allen, Crow, Methvin
  Portis & Miles PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

William S. Pritchard, III
Pritchard, McCall & Jones, LLL
505 North 20th Street, Suite 800
Birmingham, AL 35203-2605

Scarlet M. Tuley
Beasley, Allen, Crow, Methvin
  Portis & Miles PC
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Dylan C. Black
James W. Gewin
Bradley, Arant, Rose & White
P.O. Box 830709
Birmingham, AL 35283-0709

Heather S. Esau Zerger
William Perry Brandt
Bryan Cave, LLP
3500 One Kansas City Place
1200 Main Street
P.O. Box 419914
Kansas City, MO 64141-6914

A Inge Selden, III
Joshua D. Jones
Maynard, Cooper & Gale, PC
Amsouth Harbert Plaza, Suite 2400
1901 6th Avenue North
Birmingham, AL 35203

/s/_____
JOYCE WHITE VANCE
Assistant United States Attorney