IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT C. KELLER, et al.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:07cv1098 |
| | ) |
| **MACON COUNTY GREYHOUND** | ) |
| **PARK, INC.** | ) |
| | ) |
| **Defendant,** | ) |

_____

| | |
|---|---|
| **MACON COUNTY GREYHOUND** | ) |
| **PARK, INC.** | ) |
| | ) |
| **Defendant/Third Party Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CASH REGISTER SYSTEMS, INC.** | ) |
| | ) |
| **Plaintiff Third Party Defendant.** | ) |

**THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTON TO STAY**

COMES NOW the Third Party Plaintiff in response to Third Party Defendant's Motion to Dismiss or in the Alternative Motion to Stay. In support of said response the Third Party Plaintiff asks the court to consider the following:

**RESPONSE TO MOTION TO DISMISS**

The Third Party Defendant has filed a Motion to Dismiss Third Party Plaintiff's Complaint alleging that the complaint fails to state a claim upon which relief can be

granted. The Third Party Defendant's sole basis for said motion is their claims that Third Party Plaintiff's factual allegation are speculation.

Rule 8 of the *Federal Rules of Civil Procedure* provides:

(a) **Claim for Relief**. A pleading states a claim of relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction unless the court already has jurisdiction, unless the court already has jurisdiction and the claim needs no new judicial support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Third Party Plaintiff's factual allegations as alleged in the complaint are as follows:

1. In 2005, Third Party Defendant made a presentation to Third Party Plaintiff to provide Third Party Plaintiff with a point of sale system, including all materials, software and maintenance of the system for the food and beverage department at Macon County Greyhound Park, Inc.

2. As part of Third Party Defendant's presentation, the Third Party Defendant informed Third Party Plaintiff that the software and point of sale system would comply with the applicable state and federal laws governing cash and credit/debit card sales.

3. In 2005, Third Party Defendant Cash Registry Systems sold to Third Party Plaintiff a point of sales system, including software. Third Party Defendant installed the software for the point of sales system. Third

2

Party Defendant also coordinated all point of sales machines for the food and beverage department at Third Party Plaintiff's facility.

4. Third Party Defendant provided to Third Party Plaintiff the following: Aloha Table Service Software support, Aloha Credit Card Software support, telephone Support and service work to the server and point of sales system at Macon County Greyhound Park, Inc.

5. Third Party Defendant performed various services concerning Third Party Plaintiff's point of sale system, including, but not limited to:

   a. Third Party Defendant had the ability to "dial up" Third Party Plaintiff's point of sale system and make changes remotely.

   b. Third Party Defendant repaired and corrected Third Party Plaintiff's terminals.

   c. Replacing computer printer ribbons.

   d. Repaired and reconfigured computer terminals.

   e. Repaired point of sales terminal lock-up.

   f. Installed, upgraded and configured point of sale software.

6. Third Party Plaintiff paid Third Party Defendant for all services charged and rendered by the Third Party Defendant.

7. On or about October 22, 2007, Third Party Defendant contacted Third Party Plaintiff and informed Third Party Plaintiff that Third Party Defendant needed to upgrade the software on the point of sales system.

8. On or about October 22, 2007, Third Party Defendant and/or Third Party Defendant's agent entered Third Party Plaintiff's server room and allegedly upgraded Third Party Plaintiff's point of sale system.

9. Immediately thereafter, the point of sale system started exposing all credit card numbers of food and beverage customers' receipts at Macon County Greyhound Park, Inc.

10. On or about December 6, 2007, Third Party Defendant gave instruction to Third Party Plaintiff, by telephone, to correct the problem.

The Third Party Plaintiff's complaint has provided sufficient facts to put the third party defendant on notice of the claims against them. Third Party Plaintiff has presented a short and plain statement of its claim pursuant to Rule 8 of the *Federal Rules of Civil Procedure*.

As a general rule under Alabama law, there is no right of indemnity or contribution among joint tortfeasors. However, there is an exception to this rule. This exception is that a joint wrongdoer may claim indemnity where he has not been guilty of any fault except technically or constructively, or where both parties are at fault but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Coates v. CTB, Inc., et al 173 F.Supp.2d 1200 (M.D. Ala. 2001).

Third Party Plaintiff asserts in our complaint sufficient facts to put Third Party Defendant on notice of our action. We have specifically asserted that Cash Register Systems sold Third Party Plaintiff a point of sales system, including software, and provided maintenance to the system as required. Third Party Defendant was responsible for providing service work to the Third Party Plaintiff's service. The complaint alleges

4

the Third Party Defendant upgraded third party plaintiff's point of sale system to expose all credit card numbers on its food and beverage customer's receipts.  The Third Party Plaintiff's allegations are more than speculation and are sufficient to withstand Third Party Defendant's Motion to Dismiss.  The Third Party Defendant's Motion to Dismiss is due to be denied.

## MOTION TO STAY

Third Party plaintiff concurs with third party defendant's Motion to Stay these proceedings pending resolution of the appeal of <u>Grimes v. Rave Motion Pictures Birmingham, LLC, et al</u> 552 F.Supp.2d 1302 (N.D. Ala. 2008).  The issues presented in the above referenced case involved the same issues in the <u>Grimes</u> case.  For judicial economy it would be prudent to stay this matter in its entirety until the <u>Grimes</u> appeal is completed.

WHEREFORE the above and other premises considered, Third Party Plaintiff requests this Court to deny Third Party Defendant's Motion to Dismiss.  This party further request that you grant Third Party Plaintiff's Motion to Stay these proceedings.

Respectfully submitted,

 / s/      Stanley F. Gray
Fred D. Gray    (ASB-1727-R63F)
Stanley F. Gray (ASB-8670-A567)
Gray, Langford, Sapp, McGowan, Gray,
   Gray & Nathanson, P.C.
Post Office Box 830239
Tuskegee, Alabama  36083-0239
(334) 727-4830

**CERTIFICATE OF SERVICE**

      I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following counsel of record, via the court's electronic filing system, this the 20th day of August 2008:

William S. Pritchard, III, Esq.
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama  35203-2605


Emily C. Marks, Esq.
N. Guy Gunter, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36102-2148


                                                      / s /    Stanley F. Gray
                                                  **OF COUNSEL**