IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBERT C. KELLER, et al.** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO.: 3:07cv1098** |
| | ) |
| **MACON COUNTY GREYHOUND** | ) |
| **PARK, INC.** | ) |
| | ) |
|     **Defendant,** | ) |

_____

| | |
|---|---|
| **MACON COUNTY GREYHOUND** | ) |
| **PARK, INC.** | ) |
| | ) |
|     **Defendant/Third Party Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CASH REGISTER SYSTEMS, INC.** | ) |
| | ) |
|     **Plaintiff Third Party Defendant.** | ) |

**DEFENDANT'S MOTION FOR ENTRY
OF PROTECTIVE ORDER**

Defendant Macon County Greyhound Park, Inc. (MCGP), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby move the Court for entry of a Protective Order setting forth the terms and conditions under which discovery may be had into certain matters involving the Defendant confidential, proprietary, or trade secret business information, and involving confidential financial and credit card information pertaining

to the Plaintiffs or to others. The Defendant seeks a protective order to protect such information from unauthorized and improper disclosure beyond the scope of this litigation.

    1.   Plaintiffs filed a Complaint in the United States District Court for the Middle District of Alabama, Southern Division alleging purported violations of the Fair and Accreted Credit Transactions Act.

    2.   The Court ordered Defendant to respond to Plaintiffs' discovery by July 23, 2010.

    3.   Some of the documents in the possession of the parties that are subject to discovery in this case include internal, confidential, proprietary, or trade secret information of the Defendant that is subject to protection under the Alabama Trade Secrets Act, Ala. Code 8-27-1 *et seq.*, or documents which reveal confidential financial and credit card information about the Plaintiff and others. Accordingly, pursuant to Fed. R. Civ. P. 26(c)(2) and (7), the Defendant move for a protective order setting forth the terms and conditions under which this confidential proprietary, or trade secret information will be produced under Rule 26(a)'s initial disclosure requirements or existing or future discovery that is propounded in this action.

    4.   The Defendant seek to protect the information described in the Protective Order from improper and unauthorized dissemination other than to the parties, their counsel, their experts, and this Court, pursuant to the terms of the Protective Order.

    5.   The measures proposed by the Defendant in their proposed Protective Order are authorized by Rule 26(c)(2) and (7) of the Federal Rules of Civil Procedure, and are founded upon good cause.

6. The Defendant has provided to the other parties a draft of a proposed protective order for consideration.

WHEREFORE, the Defendant requests that this Court enter a Protective Order, for good cause shown.

        Respectfully submitted,

        /s/ Stanley F. Gray
        Fred D. Gray (ASB-1727-R63F)
        Stanley F. Gray (ASB-8670-A567)
        Gray, Langford, Sapp, McGowan,
          Gray, Gray & Nathanson, P.C.
        Post Office Box 830239
        Tuskegee, Alabama  36083-0239
        Phone: (334) 727-4830

**CERTIFICATE OR SERVICE**

I, hereby certify that I have served a true and correct copy of the foregoing instrument upon the following electronically, via U.S. Mail, postage prepaid, this the **16th** day of **July 2010**:

William S. Pritchard, III, Esq.
Pritchard McCall & Jones, LLC
800 Financial Center
505 N. 20th Street
Birmingham, Alabama 35203-2605

N. Gunter Guy, Jr., Esq.
Ball, Ball, Matthews & Novack, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36102-2148

Joseph "Jay" H. Aughtman, Esq.
Fischer, Goldasich, Aughtman, LLC.
One Federal Place
1819 Fifth Avenue North
Suite 1050
Birmingham, Alabama  35203

/s/ Stanley F. Gray
**OF COUNSEL**